UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACQUELINE REESE, | § |
| | § |
| Plaintiffs, | § CIVIL ACTION |
| | § |
| v. | § NO.: 1:20-cv-00026-RP |
| | § |
| SUN LIFE ASSURANCE COMPANY | § |
| OF CANADA and SANDRA TEDD, | § |
| | § |
| Defendant. | § |

## SUN LIFE ASSURANCE COMPANY OF CANADA'S
## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES,
## COUNTERCLAIM AND CROSS-CLAIM

Sun Life Assurance Company of Canada files its Answer, Affirmative Defenses, Counterclaim and Cross-Claim in response to Plaintiff's Complaint and avers as follows:

## ANSWER

1. Denied as a conclusion of law. By way of further response, as an action removed to the United States District Court for the Western District of Texas, the cited state law is not applicable.

2. Denied.

3. Admitted in part and denied in part. Upon belief, Ms. Tedd resides and is domiciled in Del Valle, Texas (Travis County).

4. Denied as stated. By way of further response, it is admitted only that venue is proper in Travis County. Further, as an action removed to the United States District Court for the Western District of Texas, proper venue is now the Austin Division.

5. Denied as stated. It is denied that all conditions precedent to recovery have been met or have occurred, as Ms. Reese and Ms. Tedd have asserted competing claims to the policy proceeds.

6. Admitted in part and denied in part. It is denied, as a conclusion of law, that Ms. Tedd's claim is impossible. The remaining allegations within this paragraph are admitted.

7. Admitted in part and denied in part. It is denied, as a conclusion of law, that Sun Life breached a contract with Plaintiff. It is further denied, as a conclusion of law, that Plaintiff is entitled to damages of any kind. The remaining allegations within this paragraph are admitted.

8. Denied.

9. Admitted. It is admitted only that Plaintiff seeks a declaration that she is entitled to the policy proceeds. Sun Life, as an innocent stakeholder that has filed a counterclaim and cross-claim in the nature of Interpleader, takes no position on the competing claims.

10. Admitted in part and denied in part. It is admitted only that Plaintiff has demanded a jury. It is denied that Plaintiff is entitled to a trial under ERISA.

11. Admitted in part and denied in part. It is admitted only that Plaintiff has demanded the relief requested in this paragraph. It is denied that Plaintiff is entitled to the relief requested.

WHEREFORE, Sun Life Assurance Company of Canada denies liability to Plaintiff under the Policy and requests that the court enter judgment in its favor on all claims.

## AFFIRMATIVE DEFENSES

12. Plaintiff's claims against Sun Life Assurance Company of Canada are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 – 1461.

13. Plaintiff is not entitled to a jury trial under ERISA.

2849046v.1

14. Plaintiff's Complaint fails to state a claim against Sun Life.

15. Plaintiff has failed to sustain her burden of proof, particularly in light of the competing claims of defendant, Sandra Tedd which are the subject of Sun Life's counterclaim and cross-claim.

## COUNTERCLAIM AND CROSS-CLAIM FOR INTERPLEADER

### Jurisdiction

1. Federal question jurisdiction exists pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), as the plan under which the claims for life insurance benefits arose is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 – 1461.

### Venue

2. Venue is appropriate pursuant to 28 U.S.C. §1391.

### Parties

3. Defendant/Counterclaim Plaintiff, Sun Life is a Canadian Stock life insurance company with a U.S. branch entered through Michigan. The Main Administrative Office for the U.S. Branch of Sun Life is located at One Sun Life Executive Park, Wellesley Hills, MA 02481.

4. Plaintiff/Counterclaim Defendant, Jacqueline Reese, is an individual who, upon information and belief resides and is domiciled in Austin, Texas (Travis County).

5. Defendant/Cross-Claim Defendant, Sandra Tedd is an individual who, upon information and belief resides and is domiciled in Del Valle, Texas (Travis County).

### Factual Allegations

6. Sun Life issued group term insurance policy number 243700-001 to Asphalt Inc., LLC. A true and correct copy of the policy is attached as **Exhibit A**.

7. As a benefit of his employment with Asphalt, Inc., LLC, Eugene Reese had a total of $10,000.00 in coverage under the policy.

8. On June 22, 2017, Eugene Reese died. A true and correct copy of the Certificate of Death is attached hereto as **Exhibit B**.

9. The policy, as amended, contains the following provision:

> Benefits payable upon the death of the Employee are payable to the Beneficiary living at the time (other than the Employer). Unless otherwise specified, if more than one Beneficiary survives the Employee, all surviving Beneficiaries will share equally.

A true and correct copy of the Policy Amendment is attached as **Exhibit C**.

10. Mr. Reese did not designate a beneficiary.

11. The following language also appears in the Policy Amendment:

> If no Beneficiary is alive on the date of the Employee's death or the Employee does not elect a beneficiary, Sun Life, at its option, may make payments as follows:
>
> - To the Employee's spouse, if living, or
> - If there is no surviving spouse, to the Employee's surviving children in equal shares; or
> - If there is no surviving spouse or children, to the Employee's surviving parents in equal shares; or
> - If none of the above, to the Employee's estate.

See Exhibit C.

12. The Certificate of Death identifies Jacqueline Roberts as Mr. Reese's surviving spouse. See Exhibit B.

13. Upon belief, Jacqueline Roberts is also known as Jacqueline Reese.

14. By letter dated July 20, 2017, Sandra Tedd asserted a claim to the policy proceeds, claiming entitlement as Mr. Reese's common law wife. A true and correct copy of the Ms. Tedd's July 20, 2017 letter is attached as **Exhibit D**.

15. By letter dated March 12, 2019, Sun Life notified Ms. Reese and Ms. Tedd of the competing claims. A true and correct copy of the March 12, 2019 letter is attached as **Exhibit E**.

16. Neither Ms. Reese nor Ms. Tedd have disclaimed any interest that they may have in the policy proceeds.

17. The competing claims put Union Security at risk of multiple liabilities for the proceeds payable under the policy.

**Count 1 – Interpleader Action Pursuant to F.R.C.P. 22**
**(against Counterclaim Defendant, Jacqueline Reese**
**and Cross-claim Defendant, Sandra Tedd)**

18. Sun Life incorporates the preceding paragraphs of this Interpleader Complaint as if the same were set forth herein at length.

19. Rule 22 of the Federal Rules of Civil Procedure permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims.

20. Sun Life has received competing claims, as identified above, and is unable to determine the proper beneficiary under the policy and is at risk of multiple liability.

21. Sun Life is an innocent entity and has in no way colluded with any of the claimants.

22. Sun Life claims no interest in the benefits due, excepting only reasonable fees and costs requested below.

23. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person(s).

**WHEREFORE**, Sun Life Assurance Company of Canada respectfully requests that this Court enter an Order:

> (a) directing Sun Life Assurance Company of Canada to deposit the life insurance proceeds due under the Policy in the amount of $10,000.00 into

the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

(b) discharging Sun Life Assurance Company of Canada from any and all liability related to the life insurance proceeds due under the policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against Sun Life Assurance Company of Canada regarding the life insurance proceeds due under the policy;

(d) awarding to Sun Life Assurance Company of Canada its reasonable fees and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

    Respectfully submitted,

    Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   */s/ Claire W. Parsons*
    Claire W. Parsons
    State Bar No. 24051159
    Fed. Bar No. 637822
    909 Fannin Street
    Suite 3300
    Houston, TX 77010
    Telephone: (713) 353-2039
    Facsimile: (713) 785-7780
    Claire.Parsons@WilsonElser.com

    **Attorneys for Defendant, Sun Life Assurance Company of Canada**

2849046v.1

# CERTIFICATE OF SERVICE

The undersigned counsel for Sun Life Assurance Company of Canada hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL was served on the following parties and/or counsel of record on January 14, 2020 electronically when uploaded to the Court's ECF system for filing, or alternatively *via* U.S. Mail, postage prepaid, addressed as follows:

Jon Michael Smith                                                                                  Via E-File
3305 Northland Drive
Suite 500
Austin, Texas 78731
***Counsel for Plaintiff,***
***Jacqueline Reese***

Sandra Tedd                                                                                          Via CM/RRR
13400 Gilwell
Del Valle, Texas 78617
***Pro Se Defendant***

                                                            BY:   */s/ Claire W. Parsons*
                                                                     Claire W. Parsons

2849046v.1